IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and | § | |
| GREGORIA RAMIREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-051 |
| | § | |
| FORD MOTOR COMPANY | § | |

## JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1.   State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The meeting was held at the offices of Plaintiffs' counsel on June 19, 2003 at 2:00 p.m.; Plaintiffs' counsel Barry Benton attended for Plaintiff, and Ford's counsel Alison D. Kennamer attended for Defendant.**

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

   **There are no related cases pending in any state or federal court with the case number and court.**

3.   Briefly describe what this case is about.

   **On or about August 12, 2001, Plaintiffs' vehicle was parked in the garage of their home at 701 North Indiana, Brownsville, Texas, when the home caught fire and burned down. Plaintiffs contend that a defect in the vehicle caused a gasoline leak which resulted in the fire. Defendant contends that the fire was not the result of any defect in the vehicle.**

4.   Specify the allegation of federal jurisdiction

   **28 U.S.C. §1332 diversity jurisdiction with a claim for more than $75,000.00 in damages**

---

5. Name the parties who disagree and the reasons.

   **N//A**

6. List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

   **At this time, the parties are not aware of any anticipated additional parties; however, if upon discovery other potential sources of ignition for the fire are discovered which are believed to be the responsibility of third parties, either Plaintiffs or Defendant may desire to join such third parties. In addition. Plaintiffs are in the process of attempting to determine whether or not joinder in this action of a potential property damage insurance carrier is appropriate.**

7. List anticipated interventions.

   **At this time, there are no anticipated interventions.**

8. Describe class-action issues.

   **At this time, there are no known class-action issues.**

9. State whether each party represents that it had made the initial disclosures required by Rule 26(a). If not describe the arrangements that have been made to complete the disclosures.

   **The parties have agreed to make the initial disclosures required by Rule 26(a) on or before the initial pre-trial conference on or before August 6, 2003.**

10. Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

    **See below.**

    1.    What changes should be made in the timing, form or requirement for disclosures under subdivision (a) or local rule, including a statement as to when disclosures under subdivision (a)(1) were made or will be made.

---

**Plaintiffs and Defendant have attached a proposed scheduling order as Exhibit "A" hereto. The parties each anticipate making disclosures on or before the date of the initial pre-trial conference.**

2. the subjects on which discovery may be needed, when discovery should be completed, and whether discovery
should be conducted in phases or be limited to or focused upon particular issues;

**Plaintiffs and Defendant believe that discovery may be needed on issues related to liability and damages, including cause and origin of the fire at issue. The parties agree that discovery need not be conducted in phases or limited to or focused on particular issues. The parties anticipate that discovery will take 6 months, until approximately January 16, 2004.**

3. what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

**None**

4. any other orders that should be entered by the court under subdivision (c) or under Rule 16(b) and (c).

**The parties have submitted the attached proposed discovery scheduling order.**

B. When and to whom the Plaintiff anticipates it may send interrogatories.

**Plaintiff anticipates sending written discovery to Defendant on or before July 15, 2003.**

C. When and to whom the Defendant anticipate it may send interrogatories.

**Defendant anticipates sending written discovery to Plaintiff on or before July 15, 2003.**

D. Of whom and by when the Plaintiffs anticipate taking oral depositions.

**Plaintiffs anticipate taking the deposition of Fire Marshal Desi Najera relatively quickly; Plaintiffs anticipate taking the deposition of a corporate representative on issues relating to a recall [NHTSA# 0V231000] which Plaintiffs contend applied to the vehicle. Plaintiffs further anticipate taking the depositions of Defendants' designated experts at the appropriate time.**

E.  Of whom and by when the Plaintiffs anticipate taking oral depositions.

**Defendants anticipate taking the depositions of Plaintiffs, those persons who drove the vehicle on the day of the fire, and firefighters at the scene of the fire.  Defendants further anticipate taking the depositions of Plaintiffs' designated experts at the appropriate time.**

F.  When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs anticipate designating Marshal Najera relatively quickly, on or before September 15, 2003; Plaintiffs anticipate being able to designate any additional experts and provide reports on the deadline for same, on or before November 3, 2003.  Plaintiffs intend to reserve the right to name rebuttal experts after the designation of Defendant's experts should Defendant's expert designation result in previously unanticipated contentions.**

**Defendant anticipates being able to designate experts and provide reports thirty (30) days after the deadline on which Plaintiffs have to designate their experts, December 1, 2003, or whatever other deadline for same is set by the Court.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**Plaintiffs anticipate taking the depositions of all experts designated by Defendant on or before January 16, 2004.**

H.  List expert depositions the opposing party anticipates taking an dtheir anticipated completion date (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

**Defendant anticipates taking the depositions of all experts designated by Plaintiffs on or before December 1, 2003.**

10.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**N/A**

11.  Specify the discovery beyond initial disclosures that has been undertaken to date.

**N/A**

12.  State the date the planned discovery can reasonably be completed.

**January 16, 2004**

13.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties have agreed to openly participate in the discovery process and to realistically evaluate their respective positions to see whether an amicable resolution of the case can be reached.**

14.  Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have discussed the factual issues that need to be explored and the discovery that should first be taken in order to best position the case for settlement negotiations.**

15.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Ford has suggested that prior to expert discovery, the parties attempt to determine if informal settlement negotiations can resolve the case or if the parties should determine whether or not further settlement efforts should be undertaken. Plaintiffs suggest that if informal negotiations cannot resolve the case, the parties participate in mediation at that time.**

16.  Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties would agree to refer the case to a magistrate, and attached an Order as Exhibit "B" hereto.**

17.  State whether a jury demand has been made and if it was made on time.

**A jury demand has been made timely by each party.**

18.  Specify the number of hours it will take to present the evidence in this case.

**Plaintiffs estimate it will take approximately 12 hours of testimony time to present their case in chief. Defendant estimates it will take approximately 6 - 8 hours of testimony time to present its case in chief.**

19.  List pending motions that could be ruled on at the initial pretrial and  scheduling conference.

**N/A**

20.  List other motions pending.

**N/A**

21.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**Ford states that most of its witnesses are located out of the state, and ask that it receive as much notice as possible of the trial date in order to coordinate travel arrangements.**

22.  Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**Plaintiffs certify that they have filed their Disclosure of Interested Parties; Defendant certifies that it has filed its Disclosure of Interested Parties.**

23.  List the names, bar numbers, addresses and telephone numbers of all counsel.

Barry R. Benton
Texas Bar No. 02176500
S.D. ID No. 3968
284 Ebony Avenue
Brownsville, Texas  78520
(956)546-9900
Fax  (956)546-9997

Alison D. Kennamer
Texas Bar No. 11280400
S.D. I.D. No. 12023
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

AGREED AS TO FORM AND CONTENT:

_____
BARRY R. BENTON

Barry R. Benton
Texas Bar No. 02176500
S.D. ID No. 3968
284 Ebony Avenue
Brownsville, Texas  78520
(956)546-9900
Fax (956)546-9997

_____
ALISON D. KENNAMER

Alison D. Kennamer
Texas Bar No. 11280400
S.D. I.D. No. 12023
Texas Bar No.

Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

Barry R. Benton
284 Ebony Avenue
Brownsville, Texas 78520
Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the _11th_ day of July, 2003.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JULIO CESAR RAMIREZ and          §
GREGORIA RAMIREZ                 §
                                 §
VS.                              §        **CIVIL ACTION NO. B-03-051**
                                 §
FORD MOTOR COMPANY               §

## AGREED UNOPPOSED SCHEDULING ORDER

Trial:  Estimated to try:          <u>3</u> days      Jury trial

Joinder of Additional Parties                              <u>October 1, 2003</u>

Expert Designation Deadlines, as follow:

Plaintiffs' expert designations and reports               <u>November 3, 2003</u>

Defendants' expert designations and reports              <u>December 1, 2003</u>

Discovery must be completed by:                           <u>January 16, 2004</u>
*Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the Court.  No continuances will be granted because of information acquired in post-deadline discovery.*

Dispositive Motions will be filed by:                     <u>February 2, 2004</u>

Joint pre-trial order is due:                             <u>February 13, 2004</u>
*The Plaintiffs are responsible for filing the pre-trial order*

Docket Call and Final Pre-trial Conference is set for the _____ date of _____, 2004, at ___, m. ;

Jury selection is set for the _____ date of _____, 2004, at ___, m. ;

Case is set for trial on the _____ date of _____, 2004, at ___, m.

SIGNED FOR ENTRY this _____ day of _____, 2003.

_____
Judge Presiding

---

*Order on Docket Control Deadlines*          **EXHIBIT**                     *P.1*
                                              "A"

AGREED:

Barry R. Benton
Texas Bar No. 02176500
S.D. ID No. 3968
284 Ebony Avenue
Brownsville, Texas 78520
(956) 546-9900
Fax (956) 546-9997

AGREED:

Alison D. Kennamer
Texas Bar No. 11280400
S.D. I.D. No. 12023

Jaime A. Saenz
Texas State Bar No. 17514859
S.D. I.D. No. 7630
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

United States District Court    ☆    Southern District of Texas

JULIO CESAR RAMIREZ and §
GREGORIA RAMIREZ §
§
*versus* §    Civil Action  B- 03-05 /
§
§
FORD MOTOR COMPANY §
§

**Consent to Proceed Before a Magistrate Judge**

All parties to this case waive their right to proceed before a district judge and consent to
have a United States Magistrate Judge conduct all further proceedings, including the trial and
judgment. 28 U.S.C. § 636(c).

*Danny R. Benton*                          *attorney for Plaintiffs*

*Alison D. Kennamer*                          ATTORNEY FOR FORD MOTOR CO.

**Order to Transfer**

This    case    is    transferred    to    United    States    Magistrate    Judge
_____ to conduct all further proceedings, including
final judgment.

_____            _____
Date                                       United States District Judge


EXHIBIT
"B"