IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 1 3 2004

Michael N. Milby
Clerk of Court

JULIO CESAR RAMIREZ and       §
GREGORIA RAMIREZ              §
                             §
VS.                          §       CIVIL ACTION NO. B-03-051
                             §
FORD MOTOR COMPANY           §

<u>JOINT PRETRIAL ORDER</u>

1.    APPEARANCE OF COUNSEL

      <u>Counsel for Plaintiffs:</u>

      Barry R. Benton
      Texas Bar No. 02176500
      S.D. ID No. 3968
      284 Ebony Avenue
      Brownsville, Texas  78520
      (956)546-9900
      Fax (956)546-9997

      <u>Counsel for Defendant:</u>

      Alison D. Kennamer
      Texas Bar No. 11280400
      S.D. I.D. No. 12023
      Jaime A. Saenz
      State Bar No. 17514859
      S.D. I.D. No. 7630
      Rodriguez, Colvin, Chaney, & Saenz, L.L.P.
      1201 E. Van Buren Street
      Brownsville, Texas 78520
      (956) 542-7441
      Fax (956) 541-2170

2.    STATEMENT OF THE CASE

      This is a products liability case filed by Julio and Gregoria Ramirez against Ford
      Motor Company.  On or about August 12, 2001, Plaintiffs' vehicle was parked in
      the garage of their home at 701 North Indiana, Brownsville, Texas, when the
      home caught fire and burned down.

Plaintiffs contend that a defect in the vehicle caused a gasoline leak, which resulted in the fire. They contend that the alleged defect is the defect referenced in Ford Recall 00S22 for this vehicle.

Ford contends that the fire was not the result of any defect in the vehicle. Instead, Ford contends the fire started in the attic located in the center of the house, and specifically in the area of wiring which led down to the HVAC closet, and only later spread to the garage and the pick-up at issue.

3.     JURISDICTION

This is a civil action with diversity jurisdiction under 28 U.S.C. §1332, in that there is more than $75,000.00 in controversy and the Plaintiff is a resident of Texas and the Defendant a Delaware corporation with its principal place of business in Michigan.

4.     MOTIONS

        Plaintiff's Motion in Limine.
        Defendant's Motion in Limine.

5.     CONTENTIONS OF THE PARTIES

Plaintiff's Contentions:

The Ramirezes contend that the fuel line assembly in the Ramirez'' 1997 Ford F-150 pickup truck was defectively manufactured.

The Ramirezes contend that their truck and house caught fire because of the alleged manufacturing defect in the truck's fuel line assembly.

The Ramirezes contend that the defect in the truck's fuel line assembly was the producing cause of damage to the truck, their house and its contents.

The Ramirezes contend that they suffered mental anguish as a result of their house, truck and personal property being destroyed in the fire.

The Ramirezes contend that as a result of the fire that they lost the use of their home.

Defendant's Contentions:

Ford contends that the fuel system in the 1997 Ford F-150 pick-up at issue was not defective.

Ford further contends that it was not negligent in its design, manufacture or marketing of the 1997 Ford F-150 vehicle.

Ford contends that Plaintiffs have not put forth sufficient evidence that the 1997 F-150 at issue was in substantially the same condition as when it left the possession of Ford Motor Company.

Ford contends that Plaintiffs have not put forth sufficient evidence that the alleged defect described in Recall 00S22 persisted in the 1997 F-150 at issue beyond the recall repair.

Ford contends that the fire at issue did not originate in the vehicle and could not have been caused by the vehicle.

Ford contends that the vehicle at issue was inspected as recommended in response to Recall 00S22 before this fire occurred, that no problem was noted, and that the condition at issue in Recall 00S22, therefore, could not be a cause of the fire.

Ford contends that by the time it was alerted and able to send a representative to inspect the fire scene, evidence in the form of household wiring had already been stripped and thus spoliated.

Ford contends that Plaintiffs have not provided sufficient evidence of their alleged property damages to the building at issue and/or to its contents.

Ford specifically denies that it should be found liable for any damages in this case.

Ford contends that there is no evidence or law which would support the award of any other damages in the case beyond property damages, including any attorney's fees.

Ford contends that it should not be liable for prejudgment interest in this case.


6.    ADMISSIONS OF FACT

On or about August 12, 2001, a fire occurred at Plaintiffs Julio and Gregoria Ramirez' residence, 701 North Indiana Street, Brownsville, Texas, which resulted in fire damage to the residence and the contents thereof.

The 1997 Ford F-150 pickup at issue in this case, VIN 1FTEX17L4VNB59198 was parked in the garage of the residence at the time of the fire.

The 1997 Ford F-150 pickup at issue in this case, VIN 1FTEX17L4VNB59198, incurred substantial fire damage in this case such that it was not repairable .

Ford issued recall 00S22 because of potential problems with holes being worn in the fuel line of certain 1997 Ford F-150 pick-up trucks.

The Ramirez' 1997 Ford F-150 pick-up was one of the vehicles included in the recall 00S22.

7.    CONTESTED ISSUES OF FACT

Plaintiff's Contested Issues of Fact:

Whether on or about August 12, 2001, a fire occurred at the Ramirez' house at 701 N. Indiana, Brownsville, Texas which destroyed much of the house, and its contents, including a 1997 Ford F-150 pick-up truck.

Whether Ford knows for certain what caused the fire.

Whether Ford could tell by inspecting the truck's fuel line after the fire whether there were holes in the fuel line prior to the fire.

Whether the three fire investigators who investigated the fire placed the origin of the fire at different locations in the house and garage.

Whether two of the investigators place the origin of the fire in the garage.

Whether the pick-up in question was inspected for the recall 00S22 before the fire.

Whether the truck's fuel line had holes worn in it after the fire.

Whether the fire originated in the engine compartment in the 1997 Ford F-150 pick-up.

Whether the fire originated in the garage of the Ramirez' house.

Whether the Ramirez' Ford F-150 pickup suffered from the manufacturing defect described in recall 00S22.

The amount to repair the damaged house.

The reasonable market value of the personal property damaged in the fire, including the value of the pick-up.

Whether the Ramirezes suffered mental anguish as a result of the fire.

Defendant's Contested Issues of Fact:

Whether the fire originated in the 1997 F-150 pickup.

Whether Plaintiffs have put forth sufficient evidence of a manufacturing defect in the 1997 Ford F-150 pickup at issue as described in Recall 00S22 that was a producing cause of the occurrence and/or of Plaintiffs' injuries and/or damages.

Whether Plaintiffs have put forth sufficient evidence of a manufacturing defect in the 1997 Ford F-150 pickup at issue <u>other than</u> Recall 00S22, that was a producing cause of the occurrence and/or of Plaintiffs' injuries and/or damages.

Whether Plaintiffs have put forth sufficient evidence that the 1997 F-150 at issue was in substantially the same condition at the time of the incident as when it left the possession of Ford Motor Company.

Whether Plaintiffs have put forth sufficient evidence that the alleged defect described in Recall 00S22 persisted in the 1997 F-150 at issue beyond the recall repair.

Whether the removal of electrical wiring within the house which was the scene of the fire before Ford's representatives were able to inspect same constituted spoliation of evidence.

Whether and to what extent Plaintiffs have provided sufficient evidence that they suffered property damages as a result of the fire.

Whether and to what extent Plaintiffs suffered any mental anguish as a result of the fire.


8.     AGREED PROPOSITIONS OF LAW

This case is governed by Texas substantative products liability law.


9.     CONTESTED PROPOSITIONS OF LAW

Plaintiffs' Contested Propositions of Law:

Direct evidence is not required to establish the existence of a defect. For purposes of strict products liability claim, often it can only be proven by circumstantial evidence, particularly when a latent defect is involved. *Parsons v. Ford Motor Company*, 85 S.W.3d 323, 329 (Tex.App.—Austin, 2002 rev. denied); *Darryl v. Ford Motor Company*, 440 S.W. 2d 630, 632 (Tex. 1969); *Barnett v. Ford Motor Company*, 463 S.W. 2d 33, 35 (Tex.Civ.App. – Waco 1970, no writ).

For purposes of strict products liability claim, to establish a defect through circumstantial evidence, one must prove both (1) proper use of the product and (2) malfunction. *Plas-Tex v. U. S. Steel Corp.*, 722 S.W. 2d 442, 444-45 (Tex. 1989).

In asserting a strict products liability claim, a plaintiff need not identify the specific defect that caused the injury; however, the plaintiff must trace the defect to the manufacturer. *Parsons v. Ford Motor Company*, 85 S.W.3d 323, 330 (Tex.App.—Austin, 2002 rev. denied); *Gen. Motors Corp. v. Hopkins*, 548 S.W. 2d 344, 349-50 (Tex. 1977); and *Ford Motor Company v. Gonzalez*, 9 S.W. 3d 195, 199 (Tex.App. – San Antonio 1999, no pet.).

A plaintiff asserting a strict products liability claim may prove a manufacturing defect existed from evidence of the product's malfunction; a malfunction, in turn, may be established by testimony from the product's user about the circumstances surrounding the event in question. *Sipes v. General Motors Corp.*, 946 S.W. 2d 143, 155 (Tex.App. – Texarkana 1997, writ denied).

Expert testimony is not necessarily required to establish a manufacturing defect for purposes of strict products liability claim. *Sipes*, supra at 156.

In strict products liability cases involving latent defects, a plaintiff need not disprove all possible other causes for the injuries; a causal connection may be inferred from a "balance of probabilities." *Nissan Motor Co. v. Armstrong*, 32 S.W.3d 701, 710 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Darryl v. Ford Motor Co.*, 440 S.W.2d 630, 632 (Tex.1969); *Mahan Volkswagen, Inc. v. Hall*, 648 S.W.2d 324, 328 (Tex.App. - Houston [1st Dist.] 1982, writ ref'd n.r.e); and *Sharp v. Chrysler Corp.*, 432 S.W.2d 131, 135 (Tex.Civ.App.-Houston [14th Dist.] 1968, writ ref'd n.r.e).

Whether Efrain Acosta is an expert, and if so, whether his testimony should be excluded due to late designation. Acosta built the house destroyed in the fire. His testimony pertains to the cost to rebuild the same house. He has been deposed by Ford. Sierra Club v. Cedar Point Oil Co., 73 F.3d 546, 571 (5th Cir.1996) and Bradley v. United States, 866 F.2d 120, 124-25 (5th Cir. 1989).

Whether a landowner is competent to offer testimony regarding the market value of his real and personal property. Cameron County Drainage District v. Gonzalez, 69 S.W.3d 820, 825 (Tex.App.-Corpus Christi 2002 no pet.) and Jones v. Wallingsford, 921 S.W.2d 463, 474 (Tex.App.-Eastland 1996 not writ).

Defendant's Contested Propositions of Law:

Whether the stripping of electrical wiring from the walls of the house before Ford's experts were able to inspect same, which has caused Ford's experts to be unable to conclusively point to or eliminate the wiring as the cause of the fire (that they believe originated in the area of the wiring above the HVAC closet) should allow Ford to receive a spoliation instruction and/or limitations on or qualifications of Plaintiffs' evidence.  See, Higgins v. Martin Marietta Corp. 752 F.2d 492 (10th Cir. 1985), cited in, U.S. v. Wise, 221 F.3d 140 (5th Cir. 2000); see also, Caparotta v. Entergy Corp., 168 F.3d 754 (5th Cir. 1999).

Whether the fact that Ford's records reflect inspection and repair pursuant to Recall 00S22 before the fire at issue precludes a finding of a defect or causation as a matter of law.  Parsons v. Ford Motor Company, 85 S.W.3d 323 (Tex. App.—Austin 2002, pet'n denied) (holding that "[t]he recall work done by [the dealership] interrupts that causal chain, and there is no evidence that the defect persisted beyond the recall repair so as to overcome the interruption.").

Whether the fact that Ford's records reflect inspection and repair pursuant to Recall 00S22 before the fire at issue precludes a finding that the 1997 F-150 at issue was in substantially the same condition at the time of the incident as when it left the possession of Ford Motor Company.  Parsons v. Ford Motor Company, 85 S.W.3d 323 (Tex. App.—Austin 2002, pet'n denied) (holding that, "the recall work done by [the dealership] effectively changed the condition of the car. . . .").

Whether as a matter of law there was no manufacturing defect in the 1997 Ford F-150 pickup at issue as described in Recall 00S22 that was a producing cause of the occurrence and/or of Plaintiffs' injuries and/or damages.

Whether the fact that Plaintiff's damages figures for repairs to the house at issue came from a contractor who was not named as an expert but also did not actually prepare plans as needed for a working bid cause that evidence to be insufficient as a matter of law.  See, Ebby Halliday Real Estate, Inc. v. Murnan, 916 S.W.2d 585 (Tex. App. – Fort Worth 1996, writ denied); Liptak v. Pensabene, 736 S.W.2d 953 (Tex. App. – Tyler 1987, no writ); Moren v. Pruske, 570 S.W. 2d 442 (Tex. Civ. App. – San Antonio 1978, writ ref'd n.r.e.).

Whether as a matter of law the removal of electrical wiring within the house which was the scene of the fire before Ford's representatives were able to inspect same constituted spoliation of evidence.

Whether as a matter of law there was no evidence that Plaintiffs suffered property damages as a result of the fire.

Whether Plaintiffs are entitled to mental anguish damages, as a matter of law, in this property damage only case.  See City of Tyler v. Likes, 962 S.W.2d 489, 497-498 (Tex. 1997) (holding that mental anguish damages are not recoverable in a property damage only case).

Whether as a matter of law there was no evidence that Plaintiffs suffered any mental anguish as a result of the fire.

10.  **EXHIBITS**

Please see the attached Plaintiffs' Exhibit List, Exhibit "P-1".
Please see the attached Defendant's Exhibit List, Exhibit "D-1".

11.  **WITNESSES**

Please see Plaintiffs' Witness List, Exhibit "P-2".
Please also see Defendant's Witness List, Exhibit "D-2".

12.  **SETTLEMENT**

Negotiations are ongoing.

13.  **TRIAL**

A.   Probable length of trial; and

2 - 3 days

B.   Logistical problems, including availability of witnesses, out-of-state people, bulky exhibits, and demonstrations.

Defendant states that it has a corporate representative and an expert witness who lives out of state.

14.  **ATTACHMENTS**

Include these required attachments:

A.   For a jury trial:

(1)   Proposed questions for the voir dire examination.

Please see Exhibit "P-3" for Plaintiffs' proposed questions.
Please see  Exhibit "D-3" for Defendant's proposed questions.

(2)   Proposed charge, including instructions, definitions, and special interrogatories, with authority.

Please see  Exhibit "P-4" for Plaintiffs' proposed jury charge.
Please see  Exhibit "D-4" for Defendant's proposed jury charge.

Both parties request additional time in which to submit amended proposed jury charges after the evidence has been adduced in the case.

Date: _____

_____

UNITED STATES DISTRICT JUDGE

Approved:

Date: 2|13|04

_____
Attorney-in-charge, Plaintiff

Date: 2/13/04

_____
Attorney-in-charge, Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and | § | |
| GREGORIA RAMIREZ | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. B-03-051** |
| | § | |
| FORD MOTOR COMPANY | § | |

**ATTACHMENT "P-1"**
**PLAINTIFFS' EXHIBIT LIST**

COME NOW, PLAINTIFFS JULIO CESAR RAMIREZ and GREGORIA

RAMIREZ and file the attached Exhibit List.

Respectfully submitted,


Barry R. Benton
Texas Bar No. 02176500
S.D. ID No. 3968
284 Ebony Avenue
Brownsville, Texas  78520
(956)546-9900
Fax  (956)546-9997

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ AND | * | |
| GREGORIA RAMIREZ | * | |
| | * | CIVIL ACTION NO. B-03-051 |
| VS. | * | |
| | * | |
| FORD MOTOR COMPANY | * | |

## PLAINTIFFS' EXHIBIT LIST

Plaintiffs Julio Cesar Ramirez and Gregoria Ramirez hereby submit their exhibit list for use at the trial of the above-entitled cause.

| Exhibit No. | Description | Admitted/Excluded |
|---|---|---|
| 1. | Fire Investigation report from Fire Marshall Desi Najera | |
| 2. | EFI Engineering & Fire Investigation report by William D. Green | |
| 3. | Walter Ralph Newell Rates, charges and Testimony history | |
| 4. | Internal Memo of Ford Motor Company re: Safety Recall 00S22 dated 2000 | |
| 6. | Sample Notice letter to consumer re: Recall 00S22 | |



Exhibit P-1

| Exhibit No. | Description | Admitted/Excluded |
|---|---|---|
| 7. | Fuel Line Inspection and Replacement re: Safety Recall 00S22 | |
| 8. | FIELD SERVICE ACTION EVALUATION PAPER (14D) INSTRUCTIONS FORM | |
| 9. | Estimated Production and Problem Statistics re: 00S22 recall | |
| 10. | Ford's List of Lawsuits with similar complaints | |
| 11. | Ford's List of Non-Litigated Claims with similar complaints | |
| 12. | Ford's List of Non-Litigated Claims Unknown with similar complaints | |
| 13. | Ford's List of Vehicle Owner Questionnaires re: similar complaints | |
| 14. | 1997-2000 < 8500 Series, Expedition, Navigator Front Fuel Lines - FRONT FUEL LINE RUB THROUGHS by STATE | |
| 15. | Photographs of the house and pick-up truck burned in the fire (Nos. 001 to 071) | |
| 16. | CQIS Indicator Summary dated 07/02/01 | |

| Exhibit No. | Description | Admitted/Excluded |
|---|---|---|
| 17. | CQIS Indicator Summary dated 01/20/99 | |
| 18. | CQIS Summary Reports - May 13, 1999 | |
| 19. | CQIS Summary Reports - July 1, 1999 | |
| 20. | CQIS Summary Reports - July 15, 1999 | |
| 21. | CQIS DETAIL REPORT dated 02/12/97 | |
| 22. | PN96/102 4x4 Front Fuel Line Leaks (Cutoff April 30, 2000) | |
| 23. | NHTSA's Vehicle Owner Questionnaire (VOQ) Database Summary Report From Odi No: 706003 with 2 photocopies of photographs | |
| 24. | 1997-2000 < 8500 F- Series, Expedition, Navigator Front Fuel Lines FUEL LINE RUB THROUGHS by PLANT by POWERTRAIN (Attachments 2-13) | |
| 25. | Claim information with office of General Counsel for Ford | |
| 26. | Concerns re: 1997-MY U8500 F-Series Front Fuel Lines | |

| Exhibit No. | Description | Admitted/Excluded |
|---|---|---|
| 27. | ISSUE #: 99-0304-03 CRITICAL CONCERNS REVIEW GROUP (NORTH AMERICA) | |
| 28. | Specific documents pertaining to similar complaints of Daniel Costa | |
| 29. | Specific documents pertaining to similar complaints of Janus Cyr | |
| 30. | Specific documents pertaining to similar complaints of Richard Gee | |
| 31. | Specific documents pertaining to similar complaints of Craig Larch | |
| 32. | PICKUP TRUCK FIRE ANALYSIS from VIKRA CONSULTANTS re: similar claim of Fibre-Tech, Inc. | |
| 33. | Specific documents pertaining to Billy Ladd | |
| 34. | Specific documents pertaining to Allen Lang | |
| 35. | Specific documents pertaining to Amy Revilla | |
| 36. | Specific documents pertaining to Rick Stokes | |
| 37. | SUMMARY OF PERSONAL PROPERTY LOST IN FIRE | |
| 38. | PROPOSAL from ACOSTA QUALITY CONSTRUCTION | |

| Exhibit No. | Description | Admitted/Excluded |
|---|---|---|
| 39. | TEXAS CERTIFICATE OF TITLE for 1997 Ford pick-up truck | |
| 40. | BROWNSVILLE FIRE DEPARTMENT FIRE REPORT | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and | § | |
| GREGORIA RAMIREZ | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. B-03-051** |
| | § | |
| FORD MOTOR COMPANY | § | |

**ATTACHMENT "P-2"**
**PLAINTIFFS' WITNESS LIST**

COME NOW, PLAINTIFFS JULIO CESAR RAMIREZ and GREGORIA RAMIREZ and file the attached Witness List.

Respectfully submitted,

Barry R. Benton
Texas Bar No. 02176500
S.D. ID No. 3968
284 Ebony Avenue
Brownsville, Texas 78520
(956)546-9900
Fax (956)546-9997

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

JULIO CESAR RAMIREZ AND       \*
GREGORIA RAMIREZ             \*
                                 \*      CIVIL ACTION NO. B-03-051
VS.                         \*
                                 \*
FORD MOTOR COMPANY        \*

## PLAINTIFFS' WITNESS LIST

      Plaintiffs Julio Cesar Ramirez and Gregoria Ramirez hereby submit their witness list for use at the trial of the above-entitled cause.

1.      Julio Cesar Ramirez
        701 N. Indiana Street
        Brownsville, Texas 78520
        He is the plaintiff. He knows about the fire and the damages.

2.      Gregoria Ramirez
        701 N. Indiana Street
        Brownsville, Texas 78520
        She is the plaintiff.  She knows about the fire and the damages.

3.      Jorge Garcia
        7349 Hopkins Rd.
        Brownsville, Texas
        He is Plaintiffs' relative who last drove the truck before the fire.

Exhibit P-2

4.  Mr. Desi G. Najera
    Fire Marshall's Office
    964 E. Harrison Ave.
    Administrative Building, 4th Floor
    Brownsville, Texas 78220
    He was the fire marshall who investigated the fire.  He will testify about his findings and conclusion as to the origin of the fire.

5.  Efrain Acosta
    355 Honey Drive
    Brownsville, Texas 78520
    He is the contractor who built the Ramirezes' home.  He will testify to the cost to rebuild the house.

6.  Sunil Sharma
    Ford Motor Company
    Parklane Towers West, Three Parklane Blvd., Suite 300
    Dearborn, Michigan 48126
    Representative of Ford who has knowledge of the defect which led to the recall of Plaintiff's truck.  He will be called to testify as an adverse witness.

PLAINTIFFS' WITNESS LIST
PAGE 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and | § | |
| GREGORIA RAMIREZ | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. B-03-051** |
| | § | |
| FORD MOTOR COMPANY | § | |

**ATTACHMENT "P-3"**
**PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS**

COME NOW, PLAINTIFFS JULIO CESAR RAMIREZ and GREGORIA

RAMIREZ and file the attached Proposed Voir Dire Questions.

Respectfully submitted,

Barry R. Benton
Texas Bar No. 02176500
S.D. ID No. 3968
284 Ebony Avenue
Brownsville, Texas 78520
(956)546-9900
Fax (956)546-9997

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

JULIO CESAR RAMIREZ AND     *
GREGORIA RAMIREZ     *
    *    CIVIL ACTION NO. B-03-051
VS.     *
    *
FORD MOTOR COMPANY     *

## PROPOSED QUESTIONS FOR VOIR DIRE EXAMINATION

1. Does anyone here work for Ford Motor Company or a Ford car dealership?

2. Does anyone here own or have owned a Ford truck? And if so, would that influence you in helping decide this case?

3. Does anyone here work for or know anyone who works for Rodriguez, Colvin, Chaney and Saenz?

4. Does anyone here have strong feelings about the alleged "Lawsuit Abuse" crisis or feel strongly about Tort Reform?

5. Has anyone here felt like they, their family or friends were wrongfully sued?

6. Does anyone here have strong feelings about product liability or defective car lawsuits?

7. If the court instructs you that the cause of the fire may be established by circumstantial evidence would anyone here require that Plaintiffs prove their case by direct evidence, that is, someone saw the fire start at a specific spot in the engine compartment of the truck.

8. Does anyone here feel that they could not award damages for mental anguish regardless of the testimony or evidence?



9.    Specifically does anyone know, or know of, any of the following people:

   1.    Julio Cesar Ramirez;
   2.    Gregoria Ramirez;
   3.    Desi Najera
   4.    Allison Kennamer, Defendant's attorney and
   5.    Defendant's witnesses.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JULIO CESAR RAMIREZ and     §
GREGORIA RAMIREZ           §
                          §
VS.                       §          **CIVIL ACTION NO. B-03-051**
                          §
FORD MOTOR COMPANY         §

**ATTACHMENT "P-4"**
**PLAINTIFFS' PROPOSED JURY CHARGE**

COME NOW, PLAINTIFFS JULIO CESAR RAMIREZ and GREGORIA

RAMIREZ and file the attached Proposed Jury Charge.

Respectfully submitted,


Barry R. Benton
Texas Bar No. 02176500
S.D. ID No. 3968
284 Ebony Avenue
Brownsville, Texas  78520
(956)546-9900
Fax (956)546-9997

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

JULIO CESAR RAMIREZ AND     \*
GREGORIA RAMIREZ     \*
    \*     CIVIL ACTION NO. B-03-051
VS.     \*
    \*
FORD MOTOR COMPANY     \*

## PLAINTIFFS' PROPOSED CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JULIO CESAR RAMIREZ and GREGORIA RAMIREZ,

Plaintiffs in the above-entitled and numbered cause, and, before presentation of the

Charge to the Jury, file the attached Proposed Charge and pray that the Charge be

included in the Court's Charge to the Jury.

Respectfully submitted,

Barry R. Benton
284 Ebony Ave.
Brownsville, Texas 78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
State Bar No. 02176500
Federal I.D. No. 3968
ATTORNEY-IN-CHARGE FOR
JULIO CESAR RAMIREZ and GREGORIA
RAMIREZ, PLAINTIFFS



Exhibit P-4

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2004, a true and correct copy of the foregoing Plaintiffs' Proposed Charge was mailed to counsel of record, to wit:

Ms. Allison Kennamer                    ***Via Regular Mail***
Rodriguez, Colvin, Chaney & Saenz
1201 E. Van Buren
Brownsville, Texas 78520


BARRY R. BENTON

PLAINTIFFS' PROPOSED CHARGE
PAGE 2

**REQUESTED CHARGE NO.**

**DEFINITION NO. 1**

The "RAMIREZES" means Julio Cesar Ramirez and Gregoria Ramirez, the Plaintiffs.

**ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

____ included in the Court's charge.

____ refused.

____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____
JUDGE PRESIDING

**PLAINTIFFS' PROPOSED CHARGE**
**PAGE 3**

## REQUESTED CHARGE NO.

## DEFINITION NO. 2

"FORD" means the Defendant, Ford Motor Company.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ included in the Court's charge.

_____ refused.

_____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____
JUDGE PRESIDING

PLAINTIFFS' PROPOSED CHARGE
PAGE 4

## REQUESTED CHARGE NO.

## DEFINITION NO. 3

"THE TRUCK" means the 1997 Ford F-150 pick-up truck owned by the Ramirezes and destroyed in the fire on August 12, 2001.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ included in the Court's charge.

_____ refused.

_____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____
JUDGE PRESIDING

PLAINTIFFS' PROPOSED CHARGE
PAGE 5

## REQUESTED CHARGE NO.

## DEFINITION NO. 3

"THE FIRE" means the fire at the Ramirezes' house at 701 N. Indiana, Brownsville, Texas on or about August 12, 2001.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

____ included in the Court's charge.

____ refused.

____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____

JUDGE PRESIDING

PLAINTIFFS' PROPOSED CHARGE
PAGE 6

## REQUESTED CHARGE NO.

## DEFINITION NO. 4

"MARKET VALUE" means the amount that would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ included in the Court's charge.

_____ refused.

_____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____
JUDGE PRESIDING

PLAINTIFFS' PROPOSED CHARGE
PAGE 7

## REQUESTED CHARGE NO. ____

## DEFINITION NO. 5

"LOSS OF USE" means the period of time required to repair the damage, if any, caused by the fire.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

____ included in the Court's charge.

____ refused.

____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____
JUDGE PRESIDING

PLAINTIFFS' PROPOSED CHARGE
PAGE 8

## REQUESTED CHARGE NO.

## INSTRUCTION NO. 1

### PRELIMINARY INSTRUCTIONS

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case.  As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement .  Opening statements are intended to assist you in understanding the evidence.  What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence.  After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence.  After all the evidence is completed, the lawyers will again address you to make final arguments.  Then I will instruct you on the applicable law.  You will then retire to deliberate on a verdict.

Keep an open mind during the trial.  Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

Alternate 1: You will need to rely on your memories.

Alternate 2: If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony.  Your notes are to be used only a aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes.  If you do not take notes, rely on your own independent memory of the testimony.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than the recollection of each juror concerning the testimony.]   Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations.  On the other hand, any exhibits [may] [will] be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end

of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the court immediately. Hold yourself completely apart from the people involved in the case-the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial our of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is not time for the opening statement.

## **ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ included in the Court's charge.

_____ refused.

_____ modified and, as modified, included in the Court's Charge.


Signed the _____ day of _____, 2004.



_____
JUDGE PRESIDING



**PLAINTIFFS' PROPOSED CHARGE**
**PAGE 12**

## REQUESTED CHARGE NO.

## INSTRUCTION NO. 2

### GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that

PLAINTIFFS' PROPOSED CHARGE
PAGE 13

persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or so something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted

to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence-the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When you retire to the jury room to deliberate on your verdict, you may take [this charge with you as well as] exhibits which the court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the court has given you about/on

your conduct during the trial. After you have reached you unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise.

## **ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ included in the Court's charge.

_____ refused.

_____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.


_____
JUDGE PRESIDING

## REQUESTED CHARGE NO.

## INSTRUCTION NO. 3

A fact may be established by direct evidence or by circumstantial evidence or both.  A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken.  A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____  included in the Court's charge.

_____  refused.

_____  modified and, as modified,  included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____
JUDGE PRESIDING

PLAINTIFFS' PROPOSED CHARGE
PAGE 18

## REQUESTED CHARGE NO. _____

## QUESTION NO. 1

QUESTION _____

Was there a manufacturing defect in the truck at the time it left the possession of Ford that was the producing cause of the fire in question?

A "defect" means a condition of the product that renders it unreasonably dangerous. An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary use of the product, with the ordinary knowledge common to the community as to the product's characteristics.

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produced the damages, if any. There may be more than one producing cause.

Answer "Yes" or "No."

Answer: _____

PLAINTIFFS' PROPOSED CHARGE
PAGE 19

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ included in the Court's charge.

_____ refused.

_____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____
JUDGE PRESIDING

## REQUESTED CHARGE NO. _____

## QUESTION NO. 2

QUESTION _____

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate the Ramirezes for their damages, if any, that resulted from the fire?

Consider the following elements of damages, if any, and none other.

Answer separately in dollars and cents, if any, for each of the following:

1.    Cost to repair the house at 701 N. Indiana Street, Brownsville, Texas.

Answer:    $_____

2.    Loss of use of the house at 701 N. Indiana Street, Brownsville, Texas.

Answer:    $_____

3.    Market value of the personal property destroyed in the fire.

Answer:    $_____

4.    Market value of the truck.

Answer:    $_____

5.    Mental anguish, if any, sustained by the Ramirezes in the past and in reasonable probability, they will sustain, if any, in the future.

Answer:    $_____

PLAINTIFFS' PROPOSED CHARGE
PAGE 21

## **ORDER**

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Requested Charge was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ included in the Court's charge.

_____ refused.

_____ modified and, as modified, included in the Court's Charge.

Signed the _____ day of _____, 2004.

_____

JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and<br>GREGORIA RAMIREZ | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-03-051 |
| FORD MOTOR COMPANY | §<br>§ | |

## ATTACHMENT "D-1"
## DEFENDANT FORD MOTOR COMPANY'S EXHIBIT LIST

| EXHBIT NOS. | DESCRIPTION | MARKED | OFFERED | OBJECT | ADMIT | DATE | Disposition after trial |
|---|---|---|---|---|---|---|---|
| 1a – 1xxx | Photographs taken by Brownsville Fire Department | | | | | | |
| 2 | Deposition on Written Questions taken of Brownsville Fire Department | | | | | | |
| 3 | Deposition on Written Questions taken of Los Fresnos Volunteer Fire Department | | | | | | |
| 4 | Deposition on Written Questions taken of Phoenix Insurance Agency | | | | | | |
| 5 | Deposition on Written Questions taken of Adriatic Insurance Agency | | | | | | |
| 6 | Deposition on Written Questions taken of EFI | | | | | | |
| 7 | Exhibit No. 1 to the Deposition of Julio Cesar Ramirez; photograph and/or notations | | | | | | |
| 8 | Exhibit No. 2 to the Deposition of Julio Cesar Ramirez; photograph and/or notations | | | | | | |
| 10 | Exhibit No. 3 to the Deposition of Julio Cesar Ramirez; photograph and/or notations | | | | | | |

| 11 | Exhibit No. 4 to the Deposition of Julio Cesar Ramirez; photograph and/or notations | | | | | | |
|---|---|---|---|---|---|---|---|
| 12 | Exhibit No. 5 to the Deposition of Julio Cesar Ramirez; photograph and/or notations | | | | | | |
| 13 | Exhibit No. 6 to the Deposition of Julio Cesar Ramirez; photograph and/or notations | | | | | | |
| 14 | Plaintiffs' Answers and Responses to Defendant's Interrogatories and Requests for Production | | | | | | |
| 15 | Plaintiffs' Amended and/or Supplemental Answers and Responses to Defendant's Interrogatories and Requests for Production | | | | | | |
| 16 | Original title history information | | | | | | |
| 17 | Sunil Sharma's c.v. | | | | | | |
| 18a – 18xxx | Photographs taken by Sunil Sharma – 1st CD set | | | | | | |
| 19a – 19xxx | Photographs taken by Sunil Sharma – 2nd CD set | | | | | | |
| 20 | Chart and/or blow up of 1997 F-Series Fuel Lines | | | | | | |
| 21 | Vehicle recall records | | | | | | |
| 22 | Vehicle warranty records with detailed information | | | | | | |
| 23 | Recall 00S22 | | | | | | |
| 24 | Ford Motor Company's 14D document regarding cause of Recall 00S22 | | | | | | |
| 25 | Vehicle thermocouple readouts from burn demonstration | | | | | | |
| 26 | Edited videotape of burn demonstration | | | | | | |
| 27 | Vehicle owner's manual | | | | | | |
| 28 | Vehicle warranty facts booklet | | | | | | |
| 29 | Vehicle factory invoice | | | | | | |
| 30 | Engineering design drawings | | | | | | |
| 31 | Ralph Newell's c.v. | | | | | | |
| 32a – 32 xxx | Photographs taken by Ralph Newell on first inspection on or about 10/9/02 | | | | | | |
| 33a – 33xxx | Photographs taken by Ralph Newell on second inspection on or about 9/8/03 | | | | | | |

pg. 2

| 34 | Ralph Newell's handwritten notes from initial inspection | | | | | | |
|----|----------------------------------------------------------|--|--|--|--|--|--|
| 35 | Ralph Newell's scale drawing from inspection | | | | | | |
| 36 | Ralph Newell's scale drawing from burn demonstration | | | | | | |
| 37a – 37x | Videotape and edits taken by Ralph Newell of burn demonstration | | | | | | |
| 38 | Still photographs of burn demonstration | | | | | | |
| 39 | Paperwork from burn demonstration | | | | | | |
| 40 | Exemplar components from burn demonstration and/or other vehicle | | | | | | |
| 41 | Dan Bolton's c.v. | | | | | | |
|  |  | | | | | | |
|  |  | | | | | | |
|  |  | | | | | | |

Alison D. Kennamer
Texas Bar No. 17514859
S.D. I.D. No. 12023
Texas Bar No. 17514859
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JULIO CESAR RAMIREZ and     §
GREGORIA RAMIREZ     §
    §
VS.     §     **CIVIL ACTION NO. B-03-051**
    §
FORD MOTOR COMPANY     §

## ATTACHMENT "D-2"
## FORD MOTOR COMPANY'S WITNESS LIST

### I.

The following witnesses are expected to be called to testify as live witnesses or by their depositions where noted, by Defendant in its case-in-chief. Defendant reserves the right to cross-examine all witnesses called by Plaintiff in his case in chief.

Sharma, Sunil
Design Analysis Engineer
Ford Motor Company
Parklane Towers West, Suite 604
Three Parklane Blvd.
Dearborn MI   48126
(313) 322-7490
Mr. Sharma is a Ford Motor Company design analysis engineer named as expert who may be asked to testify regarding Ford Motor Company's design, manufacture and marketing of the 1997 F-150 pick-up at issue in this case. He will testify as to the nature of Recall 00S22 and reasons that Ford does not believe that the problem which was the source of Recall 00S22 could have been the source of the fire in this case. He will also testify as to this vehicle's inspection for purposes of recall repair before this fire and the reasons this means that the problem which was the source of Recall 00S22 could not have the source of the fire in this case. He will testify as to basic principles of fire science, and to reasons that the design of the vehicle provides evidence that fuel lines from the vehicle with its ignition off could not have been the source of the fire. He will also testify as to the condition of the vehicle after the fire and the reasons that the condition of the vehicle provide evidence that the vehicle was not the source of the fire in this case.

Casarez, Joe
Acting Fire Captain
Brownsville Fire Department
1010 East Adams Street
Brownsville, Texas 78520
(956)546-3195
Acting Captain Casarez is a Brownsville fire department officer who responded to and was in charge of fire suppression efforts at the scene of this fire. He is expected to testify as to the condition of the scene and the ongoing fire at the time of his arrival, what the time of his arrival was, and the location and nature of fire suppression efforts that were taken. The location and nature of fire suppression efforts that were taken is expected to be explained by expert Ralph Newell as the source of certain damage to the garage which may otherwise have been misidentified as fire damage.


Newell, Walter Ralph
Newell Investigative Services
470-C Woods Mill Road
Gainesville, GA 30501
(770) 983-0800
Mr. Newell is a certified Fire Investigator and an expert in the area of fire cause and origin who will be asked to testify regarding the evidence available to establish the cause and origin of the fire at issue in this case. He will testify as to his opinion that the vehicle was not the origin of the fire and that the origin of the fire was in the attic area over the HVAC closet, where household wiring existed. He will testify as to the evidence he observed at the fire scene which led him to conclude that the vehicle could not be the origin and therefore could not be the cause of the fire. He will testify as to the evidence he observed at the fire scene which led him to conclude that the attic area over the HVAC closet was the origin area of the fire. He will testify to the fact that the stripping of electrical wiring from the house before his inspection prevented him from determining if that wiring was the source of the fire, such that it remains a candidate. He will testify regarding a demonstration he created in which a Ford F-150 pickup was made the source of a fire in a replica of Plaintiff's garage, demonstrating vastly different burn patterns and damage from that found at the fire scene. He will testify as to basic principles of fire science, and to reasons that the demonstration also provided evidence that fuel lines from the vehicle with its ignition off could not have been the source of the fire.


## II.

Depending upon the evidence adduced in Plaintiffs' case-in-chief, Ford may call the following witness to testify live:

Bolton, David R.
David R. Bolton, Inc.
1717 West Sixth Street, Suite 292
Austin, Texas 78703
(512) 477-1597
Mr. Bolton is an independent appraiser who may be asked to testify regarding the amount of damages that the evidence substantiates and the methodology behind Plaintiffs' damages demands and/or calculations. Specifically, he may offer the opinion that Plaintiffs have failed to properly substantiate their claims of property damage amounts.

## III.

Ford may also present the following records custodians by and through their Depositions on Written Questions, providing authentication for records from same:

Adriatic Insurance Agency
Employees and/or Custodians of Records
3501 North Causeway Blvd., Suite 1000,
Metairie, Louisiana 70002
(504) 838-8100
Insurance agency on which Plaintiff made claim

Brownsville Fire Department
Custodian of Records and Employees,
Including but not limited to:
Asst. Chief Joe Casarez, Officer in Charge
1010 East Adams Street
Brownsville, Texas 78520
(956)546-3195
Responded to and investigated the fire in question

EFI Engineering & Fire Investigations
Employees and/or Custodians of Records
Including but not limited to:
Bill Green
2218 North Park Drive
Kingwood, Texas 77339
(281) 358-1061
Fire investigation firm which conducted fire investigation at request of insurance company and also concluded that fire did not start in vehicle

Los Fresnos Volunteer Fire Department
PO Box 777/200 N. Alamo
Los Fresnos, TX 78566
(956) 233-4751
Responded to the fire in question

Phoenix Insurance Agency
1315 West Polk, #22
Pharr, Texas  787577
(956) 783-8500
Insurance agency on which Plaintiff made claim

## IV.

Ford expects to fully cross examine any and all witnesses called by Plaintiffs, including but not limited to the following.  Ford expects to cross examine Plaitniffs' witnesses live if called live to testify and by cross-excerpts of their depositions if called by deposition:

Acosta, Efrain
355 Honey Drive
Brownsville, Texas 78520
(956) 541-5300
Named by Plaintiff as contractor who has made proposal to rebuild house

Garcia, Jorge
Address not provided
Phone number not provided
Plaintiff's brother-in-law who last drove vehicle on date of incident

Najera, Fire Marshal Desi G.
Last known address
Fire Marshal's Office
Cameron County Courthouse
964 East Harrison St.
Administrative Bldg., 4th Floor
Brownsville, TXs 78520
(956) 544-0830
Responded to and investigated the fire in question

Ramirez, Gregoria
701 North Indiana
Brownsville, TX 78520
Plaintiff

Ramirez, Julio Cesar
701 North Indiana
Brownsville, TX 78520
Plaintiff

Ford fully reserves the right to cross-examine any and all other witnesses called by Plaintiffs.

Alison D. Kennamer
Texas Bar No. 17514859
S.D. I.D. No. 12023
Texas Bar No. 17514859
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and<br>GREGORIA RAMIREZ | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. B-03-051 |
| FORD MOTOR COMPANY | §<br>§ | |

## EXHIBIT "D-3"
## DEFENDANT FORD MOTOR COMPANY'S
## REQUESTED VOIR DIRE QUESTIONS

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, FORD MOTOR COMPANY, a Defendant herein, and in response to the requirements of this Court's Pre-trial Order makes and files this list of Requested Voir Dire Questions, as follows:

1.    On your juror cards, you indicated whether you have served as a juror before. For each juror who has indicated prior juror service before, can you tell us briefly about the nature of the case that you served as a juror in? Did you find the experience satisfactory to you as a citizen? Was there anything about that experience that would influence your service in this case?

2.    On your juror cards, you indicated whether or not you have been a party to a lawsuit. Who has had a close family member involved in a lawsuit? For each juror who has indicated that he or she has been a party to a lawsuit or has had a family member in a lawsuit: Were you/they a plaintiff or a defendant? Was the lawsuit settled or did it go to trial? Were you satisfied with the result of the case? Was there anything about that experience that would influence your service in this case?

3.    Does everyone understand that any person or company can bring a lawsuit simply by filing the papers and paying the filing fee?

4.    Does everyone understand that they will have to promise not to make up their mind about the case until all the evidence is in, and to wait until Ford Motor Company has had its opportunity to prevent evidence to determine what happened in this case?

5.    In light of the fact that Ford Motor Company is a corporation, and in fact a large corporation, can each potential juror accept the rule of the Court that all litigants are equal under the law and treat Ford Motor Company fairly?

6.    The parties believe that there will be discussion of a recall in this case and that there will be a dispute between the parties as to whether this vehicle suffered from the problem described in the recall and whether the vehicle had already been inspected for the purposes of the recall repairs.  Is there anyone will immediately start to think that there is something Ford did wrong because you hear the word recall?  Can everyone wait until all the evidence is in before you decide whether the recall had anything to do with this fire or not?

7.    Does everyone agree that they will hold Plaintiffs to their burden to prove every element of their case, including the amount of any damages?  Can everyone award as little or as much as the evidence warrants, including "0" or a minimal amount?

8.    Does anyone have a problem being asked to judge the credentials and the credibility of different persons who are presented as experts in the case?  Ford Motor Company will present expert testimony from an automotive engineer from its headquarters in Detroit and from an expert in the investigation of fires from outside Atlanta, Georgia.  Is there anyone who will lean more towards a local witness rather than someone from outside the State?  Can everyone wait to make up their minds about the various expert witnesses until you hear from each and every one of them and have a chance to compare their credentials and their work ?

9.    .Does anyone know any of the attorneys or possible witnesses in the case? If so, how do you know them? Would anything about that acquaintance influence the way you would listen to the evidence in the case?

10.    Has anyone or any family member of anyone been represented by the law firm of Barry Benton, an attorney in Brownsville or does anyone specifically know his firm? If so, what is your connection to Mr. Benton or his firm ?

11.    Does anyone have legal education or is anyone in the family of a person who has a legal education? What type of law does he or she practice? Where do they practice? What is his or her name? Is there anything about that experience that would influence your service in this case?

12.    Has anyone ever worked with an automobile dealership before? What was your job there? Was that a satisfactory experience?

13.    Does anyone have any mechanic's training? Where did you receive it? Have you ever been a professional mechanic?

14.    Does anyone have any training or experience in engineering, vehicle design, auto mechanics, or related fields? What is that training or experience? Where did you receive it?

13.    Has anyone ever had a bad experience of any kind with a Ford vehicle?

14.    Has any potential juror or any close family members ever been involved in any accident involving a Ford vehicle other than a fender-bender? What were the circumstances of the accident? What kind of injuries were suffered? For such persons, is there anything about that experience that would make the potential juror more likely to feel a leaning toward the Plaintiff's case that would make it difficult to be fair and impartial?

15.    Has anyone heard or read anything in the news about Ford products or other automotive products that you believe would cause you to be less than fully fair to an auto manufacturer?

16.    Has anyone ever had a fire in their home, their car, or any other personal property?  What kind of injuries or losses did you suffered?   Would that experience make you more likely to lean towards the Plaintiffs in this case?

Alison D. Kennamer
Texas Bar No. 17514859
S.D. I.D. No. 12023
Texas Bar No. 17514859
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and | § | |
| GREGORIA RAMIREZ | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. B-03-051** |
| | § | |
| FORD MOTOR COMPANY | § | |

**ATTACHMENT "D-4"**
**DEFENDANT'S PROPOSED JURY CHARGE**

COME NOW, DEFENDANT, FORD MOTOR COMPANY,  and files the attached

Proposed Jury Charge.

Respectfully Submitted by:

RODRIGUEZ, COLVIN,  CHANEY, & SAENZ,  L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170


Alison D. Kennamer
Texas Bar No. 11280400
S.D. I.D. No. 12023
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and | § | |
| GREGORIA RAMIREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-051 |
| | § | |
| FORD MOTOR COMPANY | § | |

### FORD MOTOR COMPANY'S REQUESTED JURY INSTRUCTIONS

In accordance with this Court's direction and FED. R. CIV. P. 51, Defendant, Ford Motor Company ("Ford"), files this preliminary written request that this Court instruct the jury as set forth in the attached jury instructions. By "preliminary," Ford merely notes that it is impossible to anticipate before trial all potential instructions necessary for the jury to render its verdict, since no evidence has been admitted at this point in time.

Respectfully Submitted by:

RODRIGUEZ, COLVIN, CHANEY, & SAENZ, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

_____
Alison D. Kennamer
Texas Bar No. 11280400
S.D. I.D. No. 12023
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 1

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence -- such as testimony of an eyewitness. The other is indirect or circumstantial evidence -- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -- he is called an expert witness -- is permitted to state his opinion on those technical matters. However,

you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

Attached to this Jury Charge is a Verdict Form which contains various questions. Before answering each of the questions on the Verdict Form, you must consider the instructions for those questions which are provided below. After considering the

instructions for a question in the Jury Charge, turn to that question in the Verdict Form and answer it.

        SOURCE:    See Sections 2.23, 3.1 U.S. Fifth Circuit Pattern Jury Instructions.

GIVEN_____ GIVEN AS MODIFIED_____ REFUSED_____

_____

UNITED STATES DISTRICT JUDGE

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 2

Regardless of any opinion you have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

SOURCE:   DEVITT, BLACKMAR & WOLFF, FEDERAL JURY PRACTICE & INSTRUCTIONS 71.04 & Appendix, Ch. 76 at 113 combined with Section 2.13 U.S. Fifth Circuit Pattern Jury Instructions.

GIVEN_____   GIVEN AS MODIFIED_____        REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

Page 6

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 3

If the plaintiffs have proven their claim against a defendant by a preponderance of the evidence, you must determine the damages to which the plaintiffs are entitled. You should not interpret the fact that I have given instructions about the plaintiffs' damages as an indication many way that I believe that the plaintiffs should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiffs are entitled to recover money from the defendant.

SOURCE:    See Sections 15.1, U.S. Fifth Circuit Pattern Jury Instructions

GIVEN_____    GIVEN AS MODIFIED_____        REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

### FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 4

The mere fact that an fire incident occurs does not mean that the product involved was defective at the time of the incident or that the manufacturer is liable for resulting injuries.

SOURCE:     See Henderson v. Ford Motor Company, 519 S.W.2d 87, 93-94 (Tex. 1974); USX Corporation v. Salinas, 818 S.W.2d 473, 487 (Tex. App.--San Antonio 1991, no writ); EDGAR & SALES, TEXAS TORTS & REMEDIES § 41.01[2]; see also Gates v. Ford Motor Company, 494 F.2d 458, 459 (10th Cir. 1974) ("injury, of itself, is not proof of a defect and raises no presumption of defectiveness"); Tauber v. Nissan Motor Corp., U.S.A., 671 F. Supp. 1070, 1073 (D. Md. 1987) (one's right to recovery may not rest on any presumption from the happening of an accident); see also See Ford Motor Company v. Miles, 967 S.W.2d 377, 386 (Tex. 1998) (a manufacturer is not required to design the safest possible product).

GIVEN_____     GIVEN AS MODIFIED_____          REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 5

In this case, the plaintiffs must prove every essential part of their claim by a preponderance of the evidence.

A preponderance of the evidence means the greater weight and degree of credible evidence admitted in this case.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Answer "yes" or "no" to all questions unless otherwise instructed. A "yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." Wherever a question requires other than a "yes" or "no" answer, your answer must be based on a preponderance of the evidence.

SOURCE:   See Section 2.20, U.S. Fifth Circuit Pattern Jury Instructions; Texas Pattern Jury Charge 1.3.

GIVEN_____   GIVEN AS MODIFIED_____      REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 6

If you find that the evidence reflects inspection and repair pursuant to Recall 00S22 before the incident in question, then you cannot find that there was a manufacturing defect that was a "producing cause" of the incident in question.

SOURCE: <u>Parsons v. Ford Motor Company</u>, 85 S.W.3d 323 (Tex. App.—Austin 2002, pet'n denied) (holding that "[t]he recall work done by [the dealership] interrupts that causal chain . . . ."); <u>see also</u>, <u>Ford Motor Company v. Ridgway</u>, _____ S.W.3d _____ (Tex. 2003).

GIVEN_____     GIVEN AS MODIFIED_____         REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 7

If you find that the evidence reflects inspection and repair pursuant to Recall 00S22 before the incident in question, then you cannot find that the 1997 F-150 was in substantially the same condition at the time of the incident as when it left the possession of Ford Motor Company.

SOURCE:   Parsons v. Ford Motor Company, 85 S.W.3d 323 (Tex. App.—Austin 2002, pet'n denied) (holding that "[t]he recall work done by [the dealership] effectively changed the condition of the car . . . .").

GIVEN_____   GIVEN AS MODIFIED_____          REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

## FORD MOTOR COMPANY'S REQUESTED INSTRUCTION NO. 8

You are instructed that if you find that the Plaintiffs discarded, destroyed, or otherwise made unavailable evidence in the form of household wiring, you must presume that such evidence would have been unfavorable to the plaintiff's case. You are further instructed that such presumption may be rebutted by the plaintiff.

Source:    See, H.E. Butt Grocery Co. v. Bruner, 530 S.W.2d 340, 343 (Tex. Civ. App.--Waco 1975, writ dism'd); Dillard Department Stores, Inc. v. Strom, 869 S.W.2d 654 (Tex. App.--El Paso 1994 writ dism'd by agr.); Brewer v. Dowling, 862 S.W.2d 156 (Tex. App.--Ft. Worth 1993, no writ); San Antonio Press, Inc. v. Custom Built Machinery, 852 S.W.2d 64 (Tex. App.--San Antonio 1993, no writ); Fuller v. Preston State Bank, 667 S.W.2d 214 (Tex. App.--Dallas 1983, writ ref'd n.r.e.); Union Transports, Inc. v. Braun, 318 S.W.2d 927 (Tex. Civ. App.--Eastland 1958, no writ).

GIVEN_____    GIVEN AS MODIFIED_____        REFUSED_____

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and | § | |
| GREGORIA RAMIREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-051 |
| | § | |
| FORD MOTOR COMPANY | § | |

## FORD MOTOR COMPANY'S
## PROPOSED VERDICT FORM AND INTERROGATORIES TO THE JURY

In accordance with this Court's direction and FED. R. CIV. P. 51, Defendant, Ford Motor Company ("FORD"), files the attached Proposed Verdict Form to be given following Ford's Requested Jury Instructions. Ford files these requested questions subject to, and without waiving, its objections that the claims upon which the Plaintiffs may wish to recover should not be submitted to the jury at all. Ford contends that all, or significant parts of, those claims are not properly supported by pleadings or proof. It also contends that all, or significant parts of, those claims are legally incorrect. Ford reserves its right to object to the submission of such claims at any appropriate later time, and it files these requested questions in the event that those objections are overruled. Ford also files these requested questions without prejudice to any additional questions that it has previously filed, that it files herewith, or that it may submit later.

Respectfully Submitted by:

RODRIGUEZ, COLVIN, CHANEY, & SAENZ, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

_____

Alison D. Kennamer
Texas Bar No. 11280400
S.D. I.D. No. 12023
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630

## QUESTION NO. 1

Was the 1997 F-150 involved in this incident in substantially the same condition at the time of the incident as when it left the possession of Ford Motor Company.

Answer "Yes" or "No"

ANSWER:_____

SOURCE:  TEXAS PATTERN JURY CHARGE §§71.3 and 70.5.   This question isolates the requirement that, in order to find liability on the part of a product manufacturer, the product must be in substantially the same condition at the time of the incident as when it leaves the possession of the product manufacturer.  Armstrong Rubber Co. v. Urquidez, 560 S.W.2d 374 (Tex. 1978).   Here, it is important to isolate the issue because the evidence indicates that recall work was performed precisely to the component that Plaintiffs allege caused the fire. This "recall work . . . effectively changed the condition of the car. . . ."  Parsons v. Ford Motor Company, 85 S.W.3d 323 (Tex. App.—Austin 2002, pet'n denied).

GIVEN_____        GIVEN AS MODIFIED_____    REFUSED_____

_____
HONORABLE UNITED STATES DISTRICT JUDGE

## QUESTION NO. 2

Was there: (1) a manufacturing defect in the fuel line assembly of the 1997 Ford F-150, (2) that was a producing cause of the incident in question?

A "manufacturing defect" is a physical departure from the product's intended design that renders it unreasonably dangerous.

"Unreasonably dangerous" means dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

"Producing Cause." A product is a "producing cause" of harm to another only if it is a substantial factor in bringing about the harm, and without which no harm would have been incurred. The rule is known as the "but for" rule.

Answer "Yes" or "No"

ANSWER:_____

SOURCE:  TEXAS PATTERN JURY CHARGE §§71.3 and 70.1.

Texas Pattern Jury Charge 71.3 is modified in four ways.  First, the question does not include the requirement that the product be in substantially the same condition at the time of the incident as when it left the control of the manufacturer.  This requirement is isolated in Question No. 1.

The question is further modified to make clear that this one broad form question is actually submitting two separate issues—defect and causation.

Third, the definition of "defect" from Texas Pattern Jury Charge 71.3 is modified to recognize that the nature of the defect alleged in this case must be found in the manufacture of the product, rather than in its design or in its warnings and instructions. The requested definition of manufacturing defect tracks the language of the RESTATEMENT (3D) OF TORTS: PRODUCTS LIABILITY (1998)( § 1, Comment a:  " A manufacturing defect is a physical departure from a product's intended design.")(§ 2(a): "A product ... contains a manufacturing defect when the product departs from its intended design....") See also  Lucas v. Texas Industries, Inc, 696 S.W.2d 372, 377-78 (Tex. 1984)(noting that a product can be defective if unreasonably dangerous in its construction, or in its design, or because of inadequate warnings and instructions.).

This modified definition is essential to explain that a manufacturing defect requires proof that the product as manufactured did not conform to the design standards and blueprints of the manufacturer.   See, e.g., The Torrington Company v. Stutzman, __S.W.3d __, 44 Tex. Sup. Ct. Jour. 225, 234 (Dec. 21, 2000)("A product has a manufacturing defect if its construction or quality deviates from the specifications or planned output in a way that is unreasonably dangerous."); American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 434 (Tex. 1997) ("Under Texas law, a plaintiff has a manufacturing defect claim when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous."); Robins v Kroger Co., 982 S.W.2d 156, 160 (Tex. App. – Houston [1st Dist.] 1998, review denied)(no manufacturing defect where no evidence that finished product deviated from specifications); Clark Equipment Co. v. Pitner, 923 S.W.2d 117, 126 n. 11 (Tex. App. - Houston [14th Dist.] 1996, writ denied) ("A manufacturing defect exists when a product does not conform to the design standards and blueprints of the manufacturer and the flaw makes the product more dangerous and therefore unfit for intended or reasonably foreseeable uses."); Sims v. Washex Mach. Corp., 932 S.W.2d 559, 562 (Tex. App. -- Houston [1st Dist.] 1995, no writ)(same).

In fact, a claim of manufacturing defect assumes that the "product would not have been defective had it conformed to the manufacturer's design specifications." Torres v. Caterpillar, Inc., 928 S.W.2d 233, 239 (Tex. App. -- San Antonio 1996, writ denied).

Finally, the definition of "producing cause" provided in § 70.1 of the TEXAS PATTERN JURY CHARGES is modified to reflect the accurate and "plain meaning" definition.  The definition of producing cause in the PJC does not accurately state the law.  It says that:

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the [occurrence][injury][occurrence or injury]. There may be more than one producing cause.

PJC 70.1. Notably, in neither Trinity Universal Ins. Co. v. Bleeker, nor in Doe v. Boys Clubs of Greater Dallas, Inc. did the court even mention, much less try to apply, the language that PJC 70.1 uses to define producing cause. One will search those decisions in vain for any reference to an "efficient", or "exciting," or even "contributing" cause. In fact, none of those three words appears anywhere in either decision.

This is not surprising. The definition in PJC 70.1 is legally wrong. It does not tell the jury that the alleged cause must be a substantial factor in causing the injury. Nor does it tell them that without that cause the event would not have occurred. Simply put, is does not tell the jury anything about causation in fact -- which is a required element in both proximate cause and producing cause. See, Prudential Ins. v. Jefferson Associates, 896 S.W.2d 156, 161 (Tex. 1995)("The element common to both proximate cause and producing cause is actual causation in fact."); General Motors Corp. v. Saenz, 873 S.W.2d 353, 357 (Tex. 1993)("The element common to both proximate cause and producing cause is actual causation in fact."); Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1985)("Common to both proximate and producing cause is causation in fact, including the requirement that the defendant's conduct or product be a substantial factor in bringing about the plaintiff's injuries.").

Causation in fact contains two elements: (1) the alleged cause was a substantial factor in causing the event, and (2) without that cause, the event would not have occurred. See, Prudential Ins. v. Jefferson Associates, 896 S.W.2d at 161("[causation in fact] requires proof that an act or omission was a substantial factor in bringing about injury which would not otherwise have occurred."); Union Pump Co. v. Allbritton, 898 S.W.2d at 775 ("cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred."); Missouri Pac. R.R. Co. v. American Statesman, 552 S.W.2d 99 (Tex. 1977) ("cause-in-fact as an element of proximate cause means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred"); Texas Pacific Railway Company v. McCleery, 418 S.W.2d 494 (Tex. 1967) ("The rule is known as the 'but for' rule.").

Yet the definition of producing cause in the PJC does not include either element of cause in fact: substantial factor or the "but for" rule.

The only difference between proximate cause and producing cause is that the former includes the element of foreseeability but the latter does not. General Motors Corp. v. Saenz, 873 S.W.2d at 357 ("the difference being that proof of proximate cause entails a showing that the accident was foreseeable, while proof of producing cause does not."); Union Pump Co. v. Allbritton, 898 S.W.2d at 775. Yet it would be utterly impossible to discern that point from a comparison of the definitions that we give the jury. Put the definition of producing cause from PJC 70.1 next to the definition of proximate cause from PJC 2.1:

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the [occurrence] [injury] [occurrence or injury]. There may be more than one producing cause.

"Proximate Cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

It would take a clairvoyant juror indeed to discern from these instructions that the only legal difference between these two types of causation is that the second one requires that the resulting event be reasonably foreseeable.

What is more, the definition of producing cause in PJC 70.1 is not just legally wrong; it is hopelessly confusing and misleading. The simple fact is that no one -- not even a lawyer or a judge -- really knows what an "efficient" or an "exciting" cause is. There do not appear to be any reported decisions defining either word. Instead, every time that an appellate court has recited the PJC definition and then had to apply the concept of "producing cause" to a set of facts, it has re-defined the concept using other words before deciding the case. There does not seem to be any reported decision in memory in which a court has actually used the words of the PJC definition to decide a case. Even those courts recognize that it does nothing helpful to define "producing cause" in the way we expect juries to find enlightening. It is time we used the same plain English that the courts and lawyers themselves use in communicating the concept.

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____

_____
HONORABLE UNITED STATES DISTRICT JUDGE

## QUESTION NO. 3

What is the difference in the market value in Cameron County, Texas, of Julio and Gregoria Ramirez's home immediately before and immediately after the occurrence in question?

"Market Value" means the amount that would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling.

Answer in dollars and cents for damages, if any.

ANSWER:_____

SOURCE: TEXAS PATTERN JURY CHARGE §83.2.

GIVEN_____        GIVEN AS MODIFIED_____        REFUSED_____


_____
HONORABLE UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and | § | |
| GREGORIA RAMIREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-03-051 |
| | § | |
| FORD MOTOR COMPANY | § | |

## FORD MOTOR COMPANY'S REQUESTED JURY DEFINITIONS

In accordance with this Court's direction and FED. R. CIV. P. 51, Defendant, Ford Motor Company ("Ford"), files this preliminary written request that the jury receive the attached jury definitions. By "preliminary," Ford merely notes that it is impossible to anticipate before trial all potential definitions necessary for the jury to render its verdict, since no evidence has been admitted at this point in time.

Respectfully Submitted by:

RODRIGUEZ, COLVIN, CHANEY, & SAENZ, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

_____
Alison D. Kennamer
Texas Bar No. 11280400
S.D. I.D. No. 12023
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630

## FORD MOTOR COMPANY'S REQUESTED DEFINITION NO. 1
(in lieu of "manufacturing defect" definition submitted with Requested
Question No. 1)

In lieu of the TEXAS PATTERN JURY definition of "manufacturing," Ford requests that the following definition be submitted.

> A "manufacturing defect" is a physical departure from the product's intended design that renders it unreasonably dangerous.

SOURCE:    Establishing a manufacturing defect requires proof that the product as manufactured did not conform to the design standards and blueprints of the manufacturer.  See, e.g., The Torrington Company v. Stutzman, __S.W.3d __, 44 Tex. Sup. Ct. Jour. 225, 234 (Dec. 21, 2000)("A product has a manufacturing defect if its construction or quality deviates from the specifications or planned output in a way that is unreasonably dangerous."); American Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 434 (Tex. 1997) ("Under Texas law, a plaintiff has a manufacturing defect claim when a finished product deviates, in terms of its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous."); Robins v Kroger Co., 982 S.W.2d 156, 160 (Tex. App. -- Houston [1st Dist.] 1998, review denied)(no manufacturing defect where no evidence that finished product deviated from specifications); Clark Equipment Co. v. Pitner, 923 S.W.2d 117, 126 n. 11 (Tex. App. - Houston [14th Dist.] 1996, writ denied) ("A manufacturing defect exists when a product does not conform to the design standards and blueprints of the manufacturer and the flaw makes the product more dangerous and therefore unfit for intended or reasonably foreseeable uses."); Sims v. Washex Mach. Corp., 932 S.W.2d 559, 562 (Tex. App. -- Houston [1st Dist.] 1995, no writ)(same).

In fact, a claim of manufacturing defect assumes that the "product would not have been defective had it conformed to the manufacturer's design specifications." Torres v. Caterpillar, Inc., 928 S.W.2d 233, 239 (Tex. App. -- San Antonio 1996, writ denied).

This requested definition tracks the language of the RESTATEMENT (3D) OF TORTS: PRODUCTS LIABILITY (1998)( § 1, Comment a: "A manufacturing defect is a physical departure from a product's intended design.")(§ 2(a): "A product ... contains a manufacturing defect when the product departs from its intended design....") See also Lucas v. Texas Industries, Inc, 696 S.W.2d 372, 377-78 (Tex. 1984)(noting that a product can be defective if unreasonably dangerous in its construction, or in its design, or because of inadequate warnings and instructions.).

GIVEN_____   GIVEN AS MODIFIED_____          REFUSED_____


_____
UNITED STATES DISTRICT JUDGE

**FORD MOTOR COMPANY'S REQUESTED DEFINITION NO. 2**
(in lieu of "producing cause" definition submitted with Requested
Question No. 1)

In lieu of the TEXAS PATTERN JURY definition of "producing cause," Ford requests that the following "plain English" definition be submitted.

"Producing Cause." A product is a "producing cause" of harm to another only if it is a substantial factor in bringing about the harm, and without which no harm would have been incurred. The rule is known as the "but for" rule.

SOURCE:  Trinity Universal Ins. Co. v. Bleeker, 966 S.W.2d 489, 491 (Tex. 1998)("A 'producing cause' is an act that is a substantial factor that brings about injury and without which the injury would not have occurred."); Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 481 (Tex. 1995)("A producing cause is a substantial factor which brings about the injury and without which the injury would not have occurred.").

The definition of producing cause in the PJC does not accurately state the law. It says that:

"Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the [occurrence][injury][occurrence or injury]. There may be more than one producing cause.

PJC 70.1. Notably, in neither Trinity Universal Ins. Co. v. Bleeker, nor in Doe v. Boys Clubs of Greater Dallas, Inc. did the court even mention, much less try to apply, the language that PJC 70.1 uses to define producing cause. One will search those decisions in vain for any reference to an "efficient", or "exciting," or even "contributing" cause. In fact, none of those three words appears anywhere in either decision.

This is not surprising. The definition in PJC 70.1 is legally wrong. It does not tell the jury that the alleged cause must be a substantial factor in causing the injury. Nor does it tell them that without that cause the event would not have occurred. Simply put, is does not tell the jury anything about causation in fact -- which is a required element in both proximate cause and producing cause. See, Prudential Ins. v. Jefferson Associates, 896 S.W.2d 156, 161 (Tex. 1995)("The element common to both proximate cause and producing cause is actual causation in fact."); General Motors Corp. v. Saenz, 873 S.W.2d 353, 357 (Tex. 1993)("The element common to both proximate cause and producing cause is actual causation in fact."); Union Pump Co. v. Allbritton, 898 S.W.2d 773, 775 (Tex. 1985)("Common to both proximate and producing cause is causation in fact, including the requirement that the defendant's conduct or product be a substantial factor in bringing about the plaintiff's injuries.").

Causation in fact contains two elements: (1) the alleged cause was a substantial factor in causing the event, and (2) without that cause, the event would not have occurred. See, Prudential Ins. v. Jefferson Associates, 896 S.W.2d at 161("[causation in fact] requires proof that an act or omission was a substantial factor in bringing about injury which would not otherwise have occurred."); Union Pump Co. v. Allbritton, 898 S.W.2d at 775 ("cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred."); Missouri Pac. R.R. Co. v. American Statesman, 552 S.W.2d 99 (Tex. 1977) ("cause-in-fact as an element of proximate cause means that the negligent act or omission was a substantial factor in bringing about the injury and without which no harm would have been incurred"); Texas Pacific Railway Company v. McCleery, 418 S.W.2d 494 (Tex. 1967) ("The rule is known as the 'but for' rule.").

Yet the definition of producing cause in the PJC does not include either element of cause in fact: substantial factor or the "but for" rule.

The only difference between proximate cause and producing cause is that the former includes the element of foreseeability but the latter does not. General Motors Corp. v. Saenz, 873 S.W.2d at 357 ("the difference being that proof of proximate cause entails a showing that the accident was foreseeable, while proof of producing cause does not."); Union Pump Co. v. Allbritton, 898 S.W.2d at 775. Yet it would be utterly impossible to discern that point from a comparison of the definitions that we give the jury. Put the definition of producing cause from PJC 70.1 next to the definition of proximate cause from PJC 2.1:

> "Producing cause" means an efficient, exciting, or contributing cause that, in a natural sequence, produces the [occurrence] [injury] [occurrence or injury]. There may be more than one producing cause.

> "Proximate Cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

It would take a clairvoyant juror indeed to discern from these instructions that the only legal difference between these two types of causation is that the second one requires that the resulting event be reasonably foreseeable.

What is more, the definition of producing cause in PJC 70.1 is not just legally wrong; it is hopelessly confusing and misleading. The simple fact is that no one -- not even a lawyer or a judge -- really knows what an "efficient" or an "exciting" cause is. There do not appear to be any reported decisions defining either word. Instead, every time that an appellate court has recited the PJC definition and then had to apply the concept of "producing cause" to a set of facts, it has re-defined the concept using other words before deciding the case. There does not seem to be any reported decision in memory in which a court has actually used the words of the PJC definition to decide a case. Even those courts recognize that it does nothing helpful to define "producing

cause" in the way we expect juries to find enlightening.  It is time we used the same plain English that the courts and lawyers themselves use in communicating the concept.


GIVEN_____  GIVEN AS MODIFIED_____        REFUSED_____


_____
UNITED STATES DISTRICT JUDGE