United States District Court
Southern District of Texas
FILED

FEB 1 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIO CESAR RAMIREZ and GREGORIA RAMIREZ | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-051 |
| FORD MOTOR COMPANY | § § | |

### FORD MOTOR COMPANY'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Evidence 103, Defendant FORD MOTOR COMPANY (hereinafter referred to as "Ford") moves in limine before the voir dire examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence for an order instructing plaintiffs and all of plaintiffs' witnesses to refrain from making any mention through interrogation, voir dire examination, opening statement, arguments or otherwise, either directly or indirectly, concerning any of the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the Court, outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case. These matters are as follows:

1. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Well-Known Product Liability Lawsuits (e.g., Breast Implants, Dalkon Shield, GM Side Saddle Tank Pickup Trucks, Pinto Litigation, Etc.)

   Any reference to or evidence, testimony or argument regarding other well-known product liability cases, such as breast implants, Dalkon Shield, Ford Pinto, GM Side Saddle Tank Pickup Trucks, etc. Such information is not relevant to the issues in this case and the probative value, if any, of such information is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and prolongation of the trial that its admission into evidence would cause. FED. R. EVID 401, 402, 403.

   Agreed _____   Granted _____   Denied _____


2. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Other Accidents, Incidents, Complaints and Lawsuits.

   Any reference to any prior or subsequent accidents, incidents, claims, complaints or lawsuits involving accidents and/or Ford vehicles that are not substantially similar to the incident and vehicle at issue in this case, including alleged "fire" incidents. Ford makes this motion on the following grounds: (1) details of other accidents, actions, and claims are irrelevant and immaterial to the issues in this case; (2) any probative value of evidence of details of other incidents, accidents, actions, and claims may have is substantially outweighed by the prejudice, confusion, and prolongation of the trial that their admission into evidence would cause; and (3) allegations made in other incidents, accidents, actions and claims constitute inadmissible hearsay. FED. R. EVID 401, 403, 404(b), 703; Verchot v. General Motors Corp., 2001 WL 564296, *5 (Fed. 2001) (not yet released for publication) (plaintiffs' offer of two hundred reports of allegedly similar occurrences of brake failure reported to manufacturer were properly disregarded by trial court in ruling on summary judgment; reports constituted inadmissible hearsay and were unduly prejudicial); Taylor v. General Motors Corp., 707 So.2d 198 (Fed. 1997) (affirming trial court's decision to exclude evidence of fourteen other accidents because they were not "substantially similar" to the subject accident); Keller v. Goodyear Tire & Rubber Co., 521 So.2d 1312, 1314 (Fed. 1988) (noting that, under Alabama law, evidence of other accidents "is admissible if the condition of the place or thing at such other times was substantially the same as the condition existing at the time of the accident in suit") (quoting C. Gamble, McElroy's Fed. Evid. § 83.01(1) (3d ed. 1977)).

   Agreed _____   Granted _____   Denied _____

3. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Settlements, Verdicts or Judgments.

Reference to "settlements" is improper because it asks the jury to infer liability on account of the settlement. FED. R. EVID 408. Furthermore, settlement of other cases has no bearing on any issue in this case. FED. R. EVID 401. These references improperly ask the jury to infer fault and liability in this case based upon some other lawsuit with different facts, and most likely decided under different legal principles. Interjection of such information would cause unfair prejudice to Ford, would confuse the issues in this case, and would prolong the trial by requiring Ford to respond. FED. R. EVID 403.

Agreed _____    Granted _____    Denied _____

4. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Other Unrelated Alleged Defects or Recalls.

The evidence should be limited to this product and the defect alleged in this lawsuit. Evidence, testimony, or argument about defects not involved in this case or recalls of this product or other Ford products for problems not involved in this case is improper. Such evidence has no bearing on any issue in this case, and improperly asks the jury to infer the existence of a defect in this case based upon the recall of some unrelated product concern. FED. R. EVID 401, 403.

Agreed _____    Granted _____    Denied _____

5. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Other Ford Vehicles.

This case involves a 1997 Ford F-150r. It does not involve a Ford Explorer, a Crown Victoria, a Lincoln, a Volvo 580, a Jaguar X-Type, etc. Evidence, testimony, and argument should be limited to the alleged defective product in this case. FED. R. EVID 401, 403.

Agreed _____    Granted _____    Denied _____

6. Excluding Any Reference to or Evidence, Testimony, or Argument Concerning News Articles or Television Programs regarding the Ford Explorer, Bronco II, Ranger, F-150 and other Ford Vehicles.

   Any reference to any television or radio programs or newspaper or magazine articles regarding an alleged "investigation" of any alleged defect in any Ford automobile, including the F-150 at issue in this case. Such evidence must be excluded because, by definition, all interviews, reports, and other information in such programs or articles are hearsay unrelieved by any exception to the hearsay rule. In addition, such matter should be excluded because the probative value, if any, of such information is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and prolongation of the trial that its admission into evidence would cause. FED. R. EVID 802, 805, 403.

   Agreed _____  Granted _____  Denied _____

7. Excluding any evidence, references, testimony, or argument regarding any cause of action other than a claim for manufacturing defect.

   Plaintiffs have agreed to drop any and all claims for breach of warranty (whether express or implied), violations of the Deceptive Trade Practices Act, and design defect. Any evidence, references, testimony or argument regarding a cause of action other than a claim for manufacturing defect is irrelevant. FED. R. EVID 401.

   Agreed _____  Granted _____  Denied _____

8. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Questions of Ethical or Moral Obligation.

   Any questions about or reference to any ethical or moral obligation on the part of Ford or Ford's employees is intended only to arouse the passions of certain jurors and ask that they disobey the Court's instructions to let no part of passion, sympathy, or prejudice play a part in their decision. FED. R. EVID 402, 403.

   Agreed _____  Granted _____  Denied _____

9. **Excluding any Reference to or Evidence, Testimony, or Argument Concerning Statements Regarding "Consumer Safety" As Purpose of Suit.**

   Any reference, either directly or indirectly, the import of which is to argue, state or infer that this case is one brought to establish standards of consumer safety or to enforce consumer safety principles, or that the reason for bringing this suit is based on a desire to enhance consumer safety, or any similar statement. Any such statement is misleading in that this suit is one brought to collect money damages and not for injunctive relief on behalf of consumers, or for the purposes of establishing consumer safety. Such a statement by plaintiffs' counsel would be inflammatory and calculated to prejudice the rights of Ford and create bias and sympathy in favor of plaintiffs, which purposes are improper and impermissible. FED. R. EVID 401, 402, 403.

   Agreed _____    Granted _____    Denied _____

10. **Excluding any Reference to or Evidence, Testimony, or Argument Concerning Documents Allegedly Not Produced by Ford.**

    Any reference to documents allegedly not produced by Ford in response to discovery or letter requests from the plaintiffs' counsel unless plaintiffs have filed a motion to compel and obtained a ruling thereon, as required by law.

    Agreed _____    Granted _____    Denied _____

11. **Excluding any Reference to or Evidence, Testimony, or Argument Concerning Alleged Discovery Disputes (in this action or any other).**

    Any alleged discovery disputes with Ford in this case or any other case. This matter must be excluded because it is irrelevant and prejudicial. This motion in limine also specifically includes reading to the jury discovery objections made by Ford in response to written discovery. Rules 401, 402, 403, FED. R. EVID

    Agreed _____    Granted _____    Denied _____

12. **Excluding any Reference to or Evidence, Testimony, or Argument Concerning Ford's State of Mind.**

    This motion extends to testimony by individuals who have never worked at Ford, interpreting Ford documents as evidence of "Ford's" state of mind. Ford also moves in limine to exclude plaintiffs' witnesses from testifying about the meaning or contents of Ford documents that are inadmissible or have not been admitted into evidence, or that can be understood by the jury without expert assistance. Ford makes this motion on the following grounds: (1) the admission of such testimony would violate FED. R. EVID 702 because plaintiffs' witnesses have no scientific, technical or other specialized knowledge about Ford, its decision-making process, or its employees, and thus are not qualified to express an expert opinion about Ford's knowledge or intent; (2) testimony about documents that are not admissible or have not been admitted into evidence violates the "best evidence" rule; and (3) the probative value, if any, of such testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay.

    Agreed _____   Granted _____   Denied _____

13. **Excluding All Witnesses Not Properly Identified.**

    Agreed _____   Granted _____   Denied _____

14. **Excluding any Reference to or Evidence, Testimony, or Argument Concerning Ford*s Financial Condition.**

    Any reference to or evidence, testimony or argument regarding the size, wealth, financial condition, net worth per vehicle, profit information or nationwide vehicle sales of Ford Motor Company for purposes of imposing punitive damages. First and foremost, Plaintiffs are not seeking punitive damages. Moreover, the U.S. Supreme Court has severely limited the authority of individual states to regulate conduct beyond the borders of that state through an award of punitive damages. Those restrictions, in turn, limit the scope of evidence which may be used at trial.

    Agreed _____   Granted _____   Denied _____

15.  **Excluding Any Reference to or Evidence, Testimony, or Argument Concerning the Size, Location, Specialization Or Representation By Ford's Counsel.**

   Any reference to or evidence, testimony or argument regarding whether the attorneys for Ford in this lawsuit regularly represent Ford, other defendants, corporations or insurance companies or manufacturers in lawsuits; that they specialize in product liability cases or cases involving "vehicle fires"; that they have ever represented Ford across the country in lawsuits "just like this one"; that defense counsel is supervising, coordinating, regional or national counsel for Ford or some other automobile manufacturer; the number of attorneys who are members of the firms in which Ford's attorneys practice or the number of attorneys or firms who have appeared on Ford's behalf in this case; the cities in which Ford's counsel has offices, or the residences of any counsel representing Ford in this lawsuit as the same is irrelevant and prejudicial. FED. R. EVID 401, 402, 403.

   Agreed _____   Granted _____   Denied _____

16.  **Excluding Any Reference to or Evidence, Testimony, or Argument Concerning Ford Counsel*s Arguments in other Cases.**

   Counsel's arguments in other cases, involving different facts and different products, and often different legal standards, can only serve to confuse the jury and unduly lengthen the trial by requiring Ford's counsel to respond to such "out-of-context" remarks. FED. R. EVID 401, 403. Merely requiring counsel to approach the bench and explain the necessity and relevance of referring to remarks by Ford's counsel in other cases will exemplify the point made herein.

   Agreed _____   Granted _____   Denied _____

17.  **Excluding any Reference to or Evidence, Testimony, or Argument that Ford*s Counsel May Report Outcome or that the Jury Verdict Will Be Known to Anyone Other than the Parties to the Case.**

   Any reference to or evidence, testimony or argument regarding the possibility that Ford's counsel may report back or notify someone about the outcome of the case or that the jury verdict will be known to anyone other than the parties to the case. Such information is not relevant to the issues in this case and the probative value, if any, of such information is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and prolongation of the trial that its admission into evidence would cause. Rules 401, 402, 403, FED. R. EVID

   Agreed _____   Granted _____   Denied _____

18. Excluding any Reference to or Evidence, Testimony, or Argument Characterizing Ford*s Counsel Or Experts As "Hired Guns," "A Traveling Road Show" Or "Circus," "A Dog And Pony Show," Or Other Similar Derogating Remarks.

    Any statements by plaintiffs' counsel characterizing Ford's counsel or experts as "hired guns," "a traveling road show" or "circus," "a dog and pony show," or other similar derogating remarks. These statements are untrue and would be highly prejudicial to Ford. Rule 403, FED. R. EVID; see, e.g., Tennison v. Letto, 469 S.W.2d 287, 281 (Tex. App.--Austin 1971, writ ref'd n.r.e.).

    Agreed _____   Granted _____   Denied _____

19. Excluding any Reference to or Evidence, Testimony, or Argument Referring to "Victims."

    Any reference to plaintiffs in this case or their decedent as "victims." This term incorrectly implies the existence of a "criminal" legal proceeding and serves only to improperly inflame certain jurors and to violate their oath not to let bias, sympathy, or prejudice play any part in their deliberations. The terms "injured party" and "plaintiff,"or even using the plaintiffs' names, are viable alternatives which do not have this same problem. FED. R. EVID 403.

    Agreed _____   Granted _____   Denied _____

20. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Whether Ford or Ford*s Counsel Have Declined to Stipulate to Any Fact or Have Declined to Agree to Anything Requested or Demanded By Plaintiffs or Their Counsel.

    Any reference to whether Ford or Ford's counsel have declined to stipulate to any fact or have declined to agree to anything requested or demanded by plaintiffs or their counsel. Any such reference or comment would be irrelevant, confusing to the jury and unduly prejudicial to Ford. FED. R. EVID 401, 403.

    Agreed _____   Granted _____   Denied _____

21. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Personal Beliefs or Opinions of Counsel for Plaintiffs.

    Any statements by plaintiffs' counsel regarding their personal beliefs or opinions about the case, the justice of the plaintiffs' case, or the plaintiffs' right to recover damages in this case. Remarks of an attorney during the course of the trial do not constitute evidence. Counsel are admonished to keep their arguments within appropriate parameters, avoiding personal criticism of opposing counsel and refraining from sidebar remarks.

    Agreed _____     Granted _____     Denied _____

22. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Persons in the Courtroom Assisting Counsel.

    Any reference to persons present or not present in the courtroom at any time during trial, including observers of the trial or inquiries regarding the identity of any observers. FED. R. EVID 401, 403.

    Agreed _____     Granted _____     Denied _____

23. Excluding any Reference to or Evidence, Testimony, or Argument Concerning the Absence or Identity of Ford*s Corporate Representative.

    Any reference to the fact that Ford may not have a representative at trial at any particular time or to Ford's choice of its corporate representative as not being the appropriate person to respond to plaintiffs' allegations. The existence or nonexistence of a corporate representative is non-evidentiary. It has no bearing upon any issue to be decided by the jury. It asks the jury to infer liability or conscious indifference from something unrelated to the product's manufacture, design, or sale. The remark asks the jury to disobey the Court's instructions and decide the case not solely upon the evidence presented.

    Agreed _____     Granted _____     Denied _____

24. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Objections Of Counsel During Depositions.

   Reading or playing anything included in deposition transcripts or trial transcripts other than questions by the lawyers and answers by the witnesses, specifically comments or sidebar remarks by the lawyers. Reading objections to the jury diverts attention from the witness testimony and is merely intended to place the lawyer in a bad light and ask the jury to infer the client is liable because the lawyer appears to a layperson to be obstructionist.

   Agreed _____   Granted _____   Denied _____

25. Excluding any Reference to or Evidence, Testimony, or Argument Concerning any Request by Ford to Exclude Certain Evidence.

   Any reference to the fact that Ford has filed this motion or any other motion or has requested the Court to exclude any evidence at trial.

   Agreed _____   Granted _____   Denied _____

26. Excluding any Reference to or Evidence, Testimony, or Argument Concerning Legal Advice of Counsel or Ford's Office of General Counsel.

   Any reference to legal advice being sought by employees of Ford Motor Company, or the legal advice rendered by counsel for Ford Motor Company. Counsel should not be allowed to refer to the request for legal advice or the involvement of legal counsel for the purpose of having the jury infer fault or wrongdoing merely on account of attorney involvement. In particular, counsel and witnesses for counsel should be instructed to refrain from referring to requests for legal advice on whether current US law requires auto manufacturers to notify NHTSA of overseas recall campaigns or owner notification programs or the defense by Ford of lawsuits against Ford. Before references are made about Ford's Office of General Counsel, counsel for plaintiffs should be required to explain to this Court, outside the jury's presence, how the reference is probative of any fact the jury will be asked to decide.

   Agreed _____   Granted _____   Denied _____

27. Excluding any Reference to or Evidence, Testimony, or Argument that Plaintiffs Suffered Extreme Mental Anguish and Inconvenience.

    This is a property damage only case. There is no evidence that Plaintiffs suffered any personal injuries. Texas law does not permit recovery of mental anguish damages in a property damage only case. See The City of Tyler v. Likes, 962 S.W.2d 489, 497-498 (Tex. 1997) (holding that mental anguish damages are not recoverable in a property damage only case). Therefore, any reference to or evidence, testimony or argument that Plaintiffs suffered extreme mental anguish or inconvenience is irrelevant and highly prejudicial.

    Agreed _____    Granted _____    Denied _____


28. Excluding any Reference to or Evidence, Testimony or Argument Concerning Asking the Jury to "Send a Message" or Act as "The Conscience of the Community."

    References in opening statement, closing argument, or at any other point of the trial, that jury members should "send a message" to Ford's boardroom, or act as "conscience of the community," or to consider similar and equally improper factors in determining whether to award compensatory or punitive damages, or in determining the size of such awards. Such instructions are inherently prejudicial because they, on their face, urge the jury to render its verdict based on "passion and prejudice." Oberg, 512 U.S. at 426. Arguments pitting the local jurors against a large, out-of-state corporation "distract the jury from its 'sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial.'" Whitehead v. Food Max, 163 F.3d 265, 277 (5th Cir. 1988) (quoting Westbrook v. General Tire & Rubber Co., 754 F.2d 1233, 1238-39 (5th Cir. 1985)); Griffith v. Mt. Carmel Medical Ctr., 842 F. Supp. 1359, 1362 (D. Kan. 1994) (stating plaintiff's counsel made comments referring to their own personal indignation, asking the jurors to "send a message," and suggesting that the jurors put themselves in plaintiff's position were "inappropriate"); see also, Hoffman v. Brandt, 65 Cal. 2d 549, 552-53 (1966) (reversing "a deliberate attempt by counsel to appeal to social or economic prejudices of the jury"); Malkasian v. Irwin, 61 Cal. 2d 738, 847-47 (Cal. Ct. App. 1964); cf. United States v. Johnson, 968 F.2d 768 (8th Cir. 1992) (prosecutor's inflammatory remark that jury should be a "bulwark" against drugs improperly incited jurors to be the "conscience of the community"); United States v. Solivan, 937 F.2d 1146, 116-53 (6th Cir. 1991) (reversing conviction based on prosecutor's closing argument urging jurors to "send a message;" finding such appeals "extremely prejudicial and harmful"); Pierce v. Platte-Clay Electric Cooperative, 769 S.W.2d 769, 779 (Mo. 1989) (such "send a message" arguments are inappropriate); New York Central R.R. Co. v. Johnson, 279 U.S. 310, 319 (1929) (references to defendant as "eastern railroad" that had "come into this town" and witnesses "sent on from New York" "have so often been condemned as an appeal to local or sectional prejudice as to require no comment"). Because there is no place in this

trial for such unfairly prejudicial argument, the Court should preclude plaintiff from attempting to engage in such tactics.

Agreed _____    Granted _____    Denied _____

29. Any reference to issues involving the Firestone tire recall and/or Ford Explorer law suits.

Argument, evidence of or testimony concerning the voluntary recall by Firestone and/or Ford of ATX, ATXII, and certain Wilderness AT tires, and/or any lawsuits involving the alleged instability of the Ford Explorer (or Ford Bronco), with or without a tire detread, except for purposes of voire dire. This case does not involve a Ford Explorer or a Firestone tire. Those matters are unrelated to this accident. FED. R. EVID 401. Such documents and references can only be intended to inflame the jury, and create prejudice toward Defendants. Additionally, allowing Plaintiffs to explore these issues will needlessly prolong the trial and confuse the jury. FED. R. EVID. 403.

Agreed _____    Granted _____    Denied _____

30. Witnesses Equally Available.

Any reference to the failure of either party to call a witness equally available to both parties.

Agreed _____    Granted _____    Denied _____

Respectfully Submitted by:

RODRIGUEZ, COLVIN, CHANEY, & SAENZ, L.L.P.
1201 E. Van Buren Street
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

_____
Alison D. Kennamer
Texas Bar No. 11280400
S.D. I.D. No. 12023
Jaime A. Saenz
State Bar No. 17514859
S.D. I.D. No. 7630

## CERTIFICATE OF SERVICE

I hereby certify that the original copy of the above and foregoing was served upon Plaintiffs' counsel of record, to-wit:

> Barry R. Benton
> 284 Ebony Avenue
> Brownsville, Texas 78520
> Attorneys for Plaintiffs

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 13th day of February, 2004.

_____
Alison D. Kennamer